IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| PENNSYLVANIA NATIONAL MUTUAL CASUALTY INSURANCE COMPANY, | ) ) ) | Civil No. 2:11-656 |
| Plaintiff, | ) ) | |
| | ) | **ORDER** |
| vs. | ) ) | |
| DOSCHER'S DORCHESTER ROAD, INC., DOSCHER'S SUPER MARKETS D/B/A AND A/K/A DOSCHER'S IGA, AND ANITA THORNE, AS GUARDIAN AD LITEM FOR BURTON THORNE, JR., | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

This matter is before the court on defendants' motion to compel discovery. For the reasons set forth below, the court denies defendants' motion.

Plaintiff Pennsylvania National Mutual Casualty Insurance Company (Penn National) filed this suit for declaratory judgment on March 18, 2011. The facts alleged in the Complaint are as follows: Penn National issued a commercial general liability policy to defendant Doscher's Super Markets d/b/a and a/k/a Doscher's IGA (Doscher's), which was effective from March 2, 2009 through March 2, 2010. On February 20, 2010, a Doscher's employee was allegedly shot by another Doscher's employee. The Guardian ad Litem for the allegedly injured employee filed suit in state court against Doscher's for the employee's injuries. Penn National claims that the insurance policy it issued to Doscher's does not cover the events and results which make up the foundation for that suit. Namely, the Complaint alleges that the events and results at issue in the underlying case are not covered because the alleged

1

intentional shooting does not fall within the definition of "occurrence" in the policy, and because the events and results fall within the policy exclusion for bodily injury caused by an intentional act, the workers' compensation exclusion, and the Employer's Liability exclusion.

In response, defendants seek a declaration that the above mentioned events and results are covered by the insurance policy. Defendants do not claim that Penn National had denied coverage in bad faith or otherwise breached a duty to it, nor do they claim that the policy's terms are ambiguous.

Penn National has refused to produce certain discovery requested by Doscher's, arguing that the materials are extra-contractual and therefore irrelevant to the interpretation of the contract. Discovery requests must be "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). If a party declines to answer an interrogatory or request for production, the serving party "may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(b)(3). The dispute before the court is whether Penn National's insurance policy covers the events and results that are the subject of the underlying state court action. The interpretation of that policy is a question of law for the court. Auto Owners Ins. Co. v. Rollison, 663 S.E.2d 484, 487 (S.C. 2008) ("An insurance policy is a contract between the insured and the insurance company, and the terms of the policy are to be construed according to contract law."). Extrinsic evidence may only be used to interpret the terms of the contract if the contract itself is ambiguous. See Casper v. Metal Trades, Inc., 604 F.2d 299, 300 (4th Cir. 1979); Dixon v. Dixon, 608 S.E.2d 849, 852 (S.C. 2005); In re Eastport Golf Club, Inc., 373 B.R. 446, 450

(Bkrtcy. D.S.C. 2007). "Absent an ambiguity or an allegation of an ambiguity [or some claim of wrongful acts by the insurance company], discovery concerning [an insurance company's] intent regarding any policy term is not relevant." Westfield, LLC v. Zurich Am. Ins. Co., No. 07-1224, 2009 WL 5908006, at *3 (D. Md. July 30, 2009).

Doscher's interrogatories seek information regarding the identities of individuals at Penn National who participated in the decision to file this declaratory judgment action. Doscher's argues that it would like to depose these individuals to determine why they believe coverage does not exist. "What [the insurance company] believes its own policy means is not important because the court must interpret the policy language as written." Id. Furthermore, "[i]nformation sought which [might] relate [ ] to bad faith would not aid in determining whether the . . . [d]efendants are entitled to a defense or indemnity in the underlying state-court action, which is the relief sought." Builders Mut. Ins. Co. v. Vista-Elite Builders LLC, No. 3:11-0401, Dkt. 49 (D.S.C. Jan. 6, 2012). Therefore, this court refuses to require plaintiff to answer these interrogatories.

Doscher's also requested the production of Penn National's policy manual, mission statement, protocols, and other documents regarding Penn National's procedures for handling coverage issues, along with applications and underwriting materials and "other materials regarding claims, coverage, and the application for coverage." Defendants have not claimed that the insurance policy references or integrates any of these documents. Rather, Doscher's seems to suggest that these documents are relevant to a determination of whether Penn National breached some

form of duty it owed to Doscher's. There are no claims for bad faith or breach of duty or contract properly before the court. Other district courts which have permitted discovery into these matters have found that the materials were relevant to an allegation of ambiguity or other claims that were properly before the court. See, e.g., Westerfield, 2009 WL 5908006, at *4 (permitting discovery into underwriting material where question of additional insured was at issue); Saldi v. Paul Revere Life Ins. Co., 224 F.R.D. 169, 180 (E.D. Pa. Aug. 13, 2004) (permitting discovery of profitability of policies and policy drafting material when bad faith claim was before the court); Am. Gen. Life Ins. Co. v. Moats, No. 07-0243, 2008 WL 1745867 (W.D.N.C. Apr. 11, 2008) (permitting discovery of underwriting material relevant to claim of misrepresentation); Siligan Containers v. Nat'l Union Fire Ins., No. 09-5972, 2011 WL 2198141, at *1 (N.D. Cal. June 6, 2011) (permitting discovery of underwriting materials relevant to potentially ambiguous terms in the contract). Absent such claims, the court declines to extend discovery into these areas.

For the foregoing reasons, the court **DENIES** defendants' motion to compel discovery.

    **AND IT IS SO ORDERED**.

                                          **DAVID C. NORTON**
                                          **UNITED STATES DISTRICT JUDGE**

**February 28, 2012**
**Charleston, South Carolina**