# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| PENNSYLVANIA NATIONAL MUTUAL ) <br> CASUALTY INSURANCE COMPANY, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> DOSCHER'S SUPER MARKETS, D/B/A ) <br> DOSCHER'S IGA, AND ANITA ) <br> THORNE, GUARDIAN AD LITEM FOR ) <br> BURTON THORNE, JR., A MINOR, ) <br> ) <br> Defendants. ) <br> ) | No. 2:11-cv-00656-DCN <br><br> **ORDER** |

This matter is before the court on cross motions for summary judgment. For the reasons set forth below, the court grants summary judgment in favor of defendant.

## I.  BACKGROUND

Plaintiff Pennsylvania National Mutual Casualty Insurance Company (Penn National) brings this action for a declaratory judgment that it has no duty to defend or indemnify defendant Doscher's Super Markets d/b/a Doscher's IGA (Doscher's) in an underlying state court lawsuit. According to the amended complaint, Penn National issued a commercial general liability policy to Doscher's that was in effect when a Doscher's employee, Burton Thorne, Jr. (Thorne), was shot by another Doscher's employee in the break room. Thorne initially filed a workers' compensation claim but voluntarily dismissed it before a ruling was issued. Thorne's mother then filed suit in state court on behalf of Thorne against Doscher's for his injuries. In that suit, Thorne asserts a cause of action for negligence based on negligent hiring, training, retention, management, and supervision. The underlying complaint alleges that Doscher's failed to

1

take adequate steps to make the workplace safe and to protect Thorne after learning of threats by the shooter.

Here, Penn National seeks a declaratory judgment that no coverage exists under the policy, whereas Doscher's argues that the claims asserted in state court are covered and Penn National has a duty to defend and indemnify. The parties filed cross motions for summary judgment on the applicability of two exclusions in the policy: the Employer's Liability Exclusion and the Workers' Compensation Exclusion.[1]

## II. SUMMARY JUDGMENT STANDARD

Summary judgment shall be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. At the summary judgment stage, the court must view the evidence in the light most favorable to the non-moving party and draw all inferences in its favor. Id. at 255. When cross motions for summary judgment are filed, the court "must review each motion separately on its own merits to determine whether either of the parties deserves judgment as a matter of law." Rossignol v. Voorhaar, 316 F.3d 516, 523 (4th Cir. 2003) (internal quotation marks omitted).

---

[1] In its amended complaint, Penn National also argued that the shooting was not an "occurrence" and thus not covered under the policy, and that the shooting was an intentional act excluded by the policy. Doscher's moved for summary judgment on the grounds that the shooting was an occurrence and that the intentional act exclusion does not apply. Penn National now concedes these arguments.

### III.  DISCUSSION

#### A.  Whether the Employer's Liability Exclusion Applies

The policy excludes coverage for bodily injury to an "'employee' of the insured arising out of and in the course of . . . [e]mployment by the insured."  Def.'s Mot. Summ. J. Ex. 2 at 6.  The parties agree that Thorne's underlying claim is for "bodily injury," he was an "employee" at the time of his injuries, and the shooting occurred "in the course of employment."  Pl.'s Resp. Opp. Def.'s Mot. Summ. J. 3-4; Def.'s Resp. Opp. Pl.'s Mot. Summ. J. 3.  Therefore, the only dispute is whether Thorne's injuries "ar[ose] out of" his employment.

As the parties agree, it is well settled in South Carolina that "the term 'arising out of' when used in an insurance policy exclusion should be narrowly construed to mean 'caused by.'"  Owners Ins. Co. v. Clayton, 614 S.E.2d 611, 614 (S.C. 2005) (citing McPherson v. Mich. Mut. Ins. Co., 426 S.E.2d 770 (S.C. 1993)); see also S.C. Farm Bureau Mut. Ins. Co. v. S.E.C.U.R.E. Underwriters Risk Retention Grp., 554 S.E.2d 870, 874 (S.C. Ct. App. 2001) (same).  It is similarly established that the insurer bears the burden of proving the applicability of a policy exclusion and that the exclusion is construed "most strongly" against the insurer.  Boggs v. Aetna Cas. & Sur. Co., 252 S.E.2d 565, 568 (S.C. 1979).  Finally, "provisions of an insurance policy are to be liberally construed in favor of the insured."  State Farm Fire & Cas. Co. v. Barrett, 530 S.E.2d 132, 135 (S.C. Ct. App. 2000).

Bearing these principles in mind, Penn National has not shown that the alleged injury was "caused by" Thorne's employment with Doscher's.  Thorne was employed by Doscher's as a grocery store bagger.  Thorne and others testified that he was shot because of the shooter's jealousy over Thorne's friendship with a female employee at Doscher's,

3

not because of a work-related dispute.  Thorne Dep. 62:22-63:21; Scott Dep. 23:18-21; Lauder Dep. 72:1-5; Droze Dep. 22:6-11.  Doscher's is not in the business of selling guns and does not use guns in its business; the assault simply happened to take place on Doscher's premises.  Viewing the evidence in the light most favorable to Penn National, the court cannot find that the alleged assault was "caused by" and "arose out of" the employment.  Rather, the evidence shows that the incident was caused by a personal dispute.  Therefore, the court holds that the Employer's Liability Exclusion does not apply.[2]

### B.  Whether the Workers' Compensation Exclusion Applies

The policy excludes coverage for, "Any obligation of the insured under a workers' compensation, disability benefits or unemployment compensation law or any similar law."  Defs.' Mot. Summ. J. Ex. 2 at 6.  Thorne initially filed a workers' compensation claim but voluntarily dismissed it before a ruling was issued.  Thorne then brought the underlying suit in tort.  The state court denied summary judgment to

---

[2] Penn National relies on a series of workers' compensation cases in which courts considered whether an employee's injury "arose out of" her employment and was covered under the Workers' Compensation Act.  See S.C. Code Ann. § 42-1-160(A) (providing coverage for workers' compensation benefits when an employee sustains an "injury by accident arising out of and in the course of employment").  Penn National cites these cases for the proposition that when an employer is on notice of a threat and the employee sues for failure to provide adequate workplace protection, the underlying claim "arises out of" the employment.  However, as Doscher's points out, none of the cases involve the interpretation of an insurance policy exclusion.  In addition, the cases are based on an opposite standard of construction as here: courts construe workers' compensation cases in favor of a finding that an accident *did* "arise out of" the employment and is covered, whereas courts construe insurance policy exclusions in favor of a finding that an accident *did not* "arise out of" the employment and is not excluded.  Cf. Baggott v. S. Music, Inc., 496 S.E.2d 852, 854 (S.C. 1998) ("The general policy is to construe the Workers' Compensation Act in favor of coverage rather than exclusion."), with Horry Cty. v. Ins. Reserve Fund, 544 S.E.2d 637, 641 (S.C. Ct. App. 2001) ("Exclusions in an insurance policy are to be interpreted narrowly and to the benefit of the insured.").  While these cases provide some guidance on how to interpret "arising out of," the court is bound by the South Carolina Supreme Court's command that "arising out of" when used in an insurance policy exclusion must be narrowly construed to mean "caused by."

Doscher's, in which Doscher's argued that Thorne's claims were barred by the workers' compensation exclusivity doctrine. Doscher's currently has no "obligation . . . under a workers' compensation . . . law." As such, the court holds that at this time, the Workers' Compensation Exclusion does not apply.[3]

## IV.  CONCLUSION

Based on the foregoing, the court **GRANTS** summary judgment in favor of defendant.

**AND IT IS SO ORDERED**.

 _____
 **DAVID C. NORTON**
 **UNITED STATES DISTRICT JUDGE**

**May 7, 2012**
**Charleston, South Carolina**

---

[3] Doscher's concedes that if Thorne's claim is brought under workers' compensation law at a later date, then the exclusion would apply.

5